# UNITED STATES DISTRICT COURT

for the

**Eastern District of Kentucky**
**Lexington Division**

Kyle Fulk
*Plaintiff*

v. Case No.

Cavalry Portfolio Services, LLC
*Defendant*
Serve:
The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

LVNV Funding, LLC
*Defendant*
Serve:
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Stellar Recovery, Inc.
*Defendant*
Serve:
Business Filings Incorporated
306 W Main Street
Suite 512
Frankfort, KY 40601

## COMPLAINT

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Defendants Cavalry Portfolio Services, LLC ("Cavalry"); LVNV Funding, LLC ("LVNV"); and Stellar Recovery, Inc. ("Stellar") attempted to collect interest or fees from Plaintiff Kyle Fulk that they have no legal right to recover. Cavalry, LVNV, and Stellar are all reporting false information concerning Mr. Fulk that includes the addition of interest and fees Cavalry, LVNV, or Stellar have no legal right to recover. Additionally, LVNV sued Mr. Fulk on a debt

barred by the statute of limitations.

3. These and other acts by Defendants violates the FDCPA.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5. Plaintiff Kyle Fulk is a natural person who resides in Fayette County, Ky. Mr. Fulk is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant Cavalry Portfolio Services, LLC ("CPS"), is a foreign limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as Cavalry SPV I, LLC. CPS's principal place of business is located in 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

7. CPS regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

8. Defendant LVNV Funding, LLC is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

9. LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

10. Defendant Stellar Recovery, Inc. is a foreign corporation that has registered with the Kentucky Secretary of State. Stellar is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. Stellar Recovery's principal place of business is located at1327 Highway 2 West, Suite 100, Kalispell, MT 59901.

11. Stellar Recovery regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### I. Facts Relating to CPS

12. On March 3, 2014, Mr. Fulk ordered, received, and reviewed a copy of his consumer credit report issued by Creditexpert, Inc. in conjunction with application for a home loan or loan modification.

13. Mr. Fulk's March 3rd consumer report included credit information reported by all three major national consumer reporting agencies: Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC.

14. Mr. Fulk's March 3rd consumer report includes negative credit information furnished by CPS in connection with a charged-off credit card originated by Wells Fargo National Bank.

15. Mr. Fulk recalls having a Wells Fargo credit card account that he used for personal, family, or household purposes, which makes the Wells Fargo debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

16. CPS furnished negative credit information concerning Mr. Fulk and the Wells Fargo credit card debt to one or more consumer reporting agencies for purposes of collecting a debt from him within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

17. CPS's negative credit information provides false information as to character, status, and the amount due and owing on the Wells Fargo credit card debt.

18. Upon information and belief, Wells Fargo charged off Mr. Fulk's credit card account in December 2008.

19. Upon information and belief, $1,879.00 was the amount due on Wells Fargo credit card account when Wells Fargo charged off the debt.

20. Upon information and belief, CPS purchased Mr. Fulk's Wells Fargo credit card debt in April 2010 and that $1,879.00 was still the face amount due on the debt on the date of purchase.

21. Upon information and belief, CPS paid no more than 5% of the face amount of the Wells Fargo credit card debt or no more than $94.00 for the debt.

22. But the information furnished by CPS on Mr. Fulk's March 3rd consumer credit report falsely stated that $3,405.00 was the amount due and owing on the debt as of February 2014, or $1,526.00 more than the face amount due on the date on the date of purchase.

23. Upon information and belief, CPS does not have any legal right to accrue interest or fees on the Wells Fargo credit card debt as furnished to one or more consumer reporting agencies.

**II. Facts Relating to LVNV**

24. On July 22, 2013, LVNV filed suit against Mr. Fulk in an attempt to collect a charged-off account from HSBC Bank Nevada, N.A./Yamaha-RBP ("Yamaha Account").

25. The Yamaha Account concerned the sale of an ATV to Mr. Fulk by Hales Sport Center.

26. Mr. Fulk purchased the ATV for personal, family, or household purposes, which makes the Yamaha Account a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

27. Consequently, because the Yamaha Account concerns and directly relates to the sale of the ATV, the Agreement is subject to a four-year statute of limitations under KRS 355.2-725.

28. Discovery responses by LVNV in the state-court collection action establish that the last payment date made under the Yamaha Account occurred on November 18, 2008 and that HSBC charged off the Yamaha Account on June 30, 2009.

29. So at the very latest, HSBC's cause of action, and hence LVNV's cause of action, against Mr. Fulk accrued no later than June 30, 2009.

30. This means that LVNV brought suit against Mr. Fulk at least four years and twenty-two days *after* its cause of action against him accrued.

31. Filing suit on a debt barred by the statute of limitations violates the FDCPA.

32. Mr. Fulk's March 3rd consumer report includes negative credit information furnished by LVNV in connection with the Yamaha Account.

33. LVNV furnished negative credit information concerning Mr. Fulk and the Yamaha Account to one or more consumer reporting agencies for purposes of collecting a debt from him within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

34. LVNV's negative credit information provides false information as to character, status, and the amount due and owing on the Yamaha debt.

35. Upon information and belief, $3,488.00 was the amount due on Yamaha Account when HSBC Bank Nevada, N.A. charged off the debt.

36. Upon information and belief, LVNV purchased the Yamaha Account in July 2009 and $3,488.00 was still the face amount due on the debt on the date of purchase.

37. Upon information and belief, LVNV paid no more than 5% of the face amount of the Yamaha Account or no more than $173.00 for the debt.

38. But the information furnished by LVNV on Mr. Fulk's March 3rd consumer credit report falsely stated that $4,771.00 was the amount due and owing on the debt as of February 2014, or $1,283.00 more than the face amount due on the date on the date of purchase.

39. Upon information and belief, LVNV does not have any legal right to accrue interest or fees on the Yamaha Account as furnished to one or more consumer reporting agencies.

## III. Facts Relating to Stellar

40. Mr. Fulk's March 3rd consumer report includes negative credit information furnished by Stellar in connection with a charged-off credit card originated by U.S. Bank, N.A.

41. Mr. Fulk recalls having a U.S. Bank credit card account that he used for personal, family, or household purposes, which makes the U.S. Bank debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

42. Stellar furnished negative credit information concerning Mr. Fulk and the U.S. Bank credit card debt to one or more consumer reporting agencies for purposes of collecting a debt from him within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

43. Stellar's negative credit information provides false information as to character, status, and the amount due and owing on the U.S. Bank credit card debt.

44. Upon information and belief, U.S. Bank charged off Mr. Fulk's credit card account in July 2009.

45. Upon information and belief, $12,199.00 was the amount due on the U.S. Bank credit card account when U.S. Bank charged off the debt.

46. Upon information and belief, Stellar purchased Mr. Fulk's U.S. Bank credit card debt in November 2009 and that $12,199.00 was still the face amount due on the debt on the date of purchase.

47. Upon information and belief, Stellar paid no more than 5% of the face amount of the U.S. Bank credit card debt or no more than $633.00 for the debt.

48. But the information furnished by Stellar on Mr. Fulk's March 3rd consumer credit

report falsely stated that $12,655.00 was the amount due and owing on the debt as of February 2014 or $456.00 more than the face amount due on the date on the date of purchase.

49. Upon information and belief, Stellar does not have any legal right to accrue interest or fees on the U.S. Bank credit card debt as furnished to one or more consumer reporting agencies.

## Claims for Relief: Violations of the Fair Debt Collection Practices Act

### I. Claims against Cavalry Portfolio Services, LLC

50. The foregoing acts and omissions of Cavalry Portfolio Services, LLC ("CPS") constitute violations of the FDCPA, including, but not limited to:

**a.** Violation of 15 U.S.C. §1692e(2)(A): CPS falsely represented the amount owed on the Wells Fargo credit card debt by adding interest or fees to the debts that CPS had no legal right to collect from Mr. Fulk;

**b.** Violation of 15 U.S.C. §1692e(5): CPS attempted to collect interest or fees on the Wells Fargo credit card debt that CPS had no legal right to collect from Mr. Fulk thereby threatening to take an action that cannot legally be taken;

**c.** Violation of 15 U.S.C. §1692e(8): CPS reported false credit information to one or more consumer reporting agencies concerning Mr. Fulk and the Wells Fargo credit card debt by adding interest to the debt that CPS knew or should have known that it had no legal right to collect from Mr. Fulk;

**d.** Violation of 15 U.S.C. §1692e(10): CPS falsely represented the amount owed on the Wells Fargo credit card debt by adding interest or fees to the debts that CPS had no legal right to collect from Mr. Fulk; and

**e.** Violation of 15 U.S.C. § 1692f(1): CPS attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the Wells Fargo credit card debt that CPS had neither a contractual nor statutory right to collect.

### II. Claims against LVNV Funding, LLC

51. The foregoing acts and omissions of LVNV Funding, LLC ("LVNV") constitute violations of the FDCPA, including, but not limited to:

**a.** Violation of 15 U.S.C. §1692e(2)(A): LVNV falsely represented the amount owed on the Yamaha Account by adding interest or fees to the debts that LVNV had no legal right to collect from Mr. Fulk;

**b.** Violation of 15 U.S.C. §1692e(5): LVNV attempted to collect interest or fees on the Yamaha Account that LVNV had no legal right to collect from Mr. Fulk thereby threatening to take an action that cannot legally be taken;

**c.** Violation of 15 U.S.C. §1692e(8): LVNV reported false credit information to one or more consumer reporting agencies concerning Mr. Fulk and the Yamaha Account by adding interest to the debt that LVNV knew or should have known that it had no legal right to collect from Mr. Fulk;

**d.** Violation of 15 U.S.C. §1692e(10): LVNV falsely represented the amount owed on the Yamaha Account by adding interest or fees to the debts that LVNV had no legal right to collect from Mr. Fulk;

**e.** Violation of 15 U.S.C. § 1692f(1): LVNV attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the Yamaha Account that LVNV had neither a contractual nor statutory right to collect;

**f.** Violation of 15 U.S.C. §§ 1692e and 1692f: LVNV filed suit against Mr. Fulk to collect a debt from him where LVNV's cause of action was barred by the applicable statute of limitations.

**III. Claims against Stellar Recovery, Inc.**

52. The foregoing acts and omissions of Stellar Recovery, Inc. ("Stellar") constitute violations of the FDCPA, including, but not limited to:

**a.** Violation of 15 U.S.C. §1692e(2)(A): Stellar falsely represented the amount owed on the U.S. Bank credit card debt by adding interest or fees to the debts that Stellar had no legal right to collect from Mr. Fulk;

**b.** Violation of 15 U.S.C. §1692e(5): Stellar attempted to collect interest or fees on the U.S. Bank credit card debt that Stellar had no legal right to collect from Mr. Fulk thereby threatening to take an action that cannot legally be taken;

**c.** Violation of 15 U.S.C. §1692e(8): Stellar reported false credit information to one or more consumer reporting agencies concerning Mr. Fulk and the U.S. Bank credit card debt by adding interest to the debt that Stellar knew or should have known that it had no legal right to collect from Mr. Fulk;

**d.** Violation of 15 U.S.C. §1692e(10): Stellar falsely represented the amount owed on the U.S. Bank credit card debt by adding interest or fees to the debts that Stellar had no legal right to collect from Mr. Fulk; and

**e.** Violation of 15 U.S.C. § 1692f(1): Stellar attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the U.S. Bank credit card debt that Stellar had neither a contractual nor statutory right to collect.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kyle Fulk requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com