UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| Kyle Fulk<br>*Plaintiff* | ) | |
| v | ) | CASE NO. 5:14-cv-125-DCR |
| LVNV Funding L.L.C. et. al.<br>*Defendant* | ) | |

**LVNV'S REPLY TO FULKS RESPONSE TO LVNV'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Comes now, LVNV Funding L.L.C. (hereafter LVNV) and for its reply to Kyle Fulk's (hereafter Fulk) response to LVNV's motion to dismiss states as follows:

**THE U.C.C. FOUR YEAR STATUTE OF LIMITATIONS DOES NOT APPLY TO AN ACCOUNT OR AN AGREEMENT BETWEEN FULK AND THE NATIONAL BANK OF HSBC FOR THE EXTENSION OF CREDIT EVEN ASSUMING FOR THE SAKE OF ARGUMENT THAT OHIO LAW APPLIES**

The cases law cited by Fulk to make the agreement fall under Article 2 of the U.C.C. do not apply. Even assuming the application of Ohio law, Ohio has held that an action by a lender on the contract between the lender and a debtor does not fall under the four year statute of limitations of U.C.C. Article 2. In **May Company v. Trusnik**, 375 N.E.2d 72, 75 (Ohio. App. 1977) the court noted "It is only when the purchase money is advanced by a third party that an action to recover a balance due is removed from Article 2 of the U.C.C." In **Bancohio National Bank v. Freeland**, 468 N.E.2d 941, 944 (Ohio App. 1984) an action on a note by a third party financer of a vehicle is not a transaction in goods subject to the U.C.C. four year statute of limitations. See also, *Asset Acceptance v. Witten*, 2008 Ohio 3659, (July 24, 2008) holding that a

credit card for value city furniture issued by a third party bank was a written agreement subject to the fifteen year statute of limitation and not subject to the retail installment sales act. The ***Trusnik*** case cited to **Harris Trust and Savings Bank v. McCray**, 316 N.E.2d 209 (Ill. App. 1974) that LVNV cited to in its motion to dismiss. Based on the foregoing, even under Ohio law, Fulk applying and receiving credit from HSBC is not a transaction in goods subject to the U.C.C. four year statute of limitation. Fulk's complaint based upon the U.C.C statute of limitations should be dismissed.

**FULK'S COMPLAINT REGARDING INTEREST IS NO MORE THAN A STATE LAW DISPUTE AND DOES NOT RISE TO A VIOLATION OF THE FDCPA**

Fulk's complaint relates to LVNV's right to interest. See paragraphs 2, 38, and 50 of Fulk's complaint. Fulk's complaint contains no allegations that he disputed the debt with the original creditor or LVNV. Fulk's complaint does not allege that the amount allegedly is false because the amount state is inaccurate. Fulk's complaint is based upon the fact that interest was accrued. Fulk cannot amend his complaint through his response to LVNV's motion to dismiss. To the extent Fulk's response adds facts and allegations to his original complaint, they should not be considered. Counsel for LVNV is aware Fulk has filed a motion to amend the complaint the day before this reply is due. Counsel has not had an opportunity to fully review and evaluate the proposed amended complaint and LVNV will be filing a separate response to that motion.

Fulk's claims regarding accrual of interest can ultimately be boiled down to his statement on page 2 of his response. "A very compelling argument can be made *to a trial court* that the court should use its discretion and equitable power to limit prejudgment interest. . ." (italics in original). Fulk may have a state court argument but that does not equate LVNV not having the

right to interest by the nature of the debt. Fulk cites to this court's decision in ***Stratton v. Portfolio Recovery Assoc***., 5:13-cv-147-DCR (E.D. Ky. November 26, 2013) that the statement in a state court complaint for interest is not an unsupervised demand. The Court in ***Stratton*** for the purposes of analysis in ***Stratton*** assumed statutory interest could not be recovered and held that a state court complaint requesting legal interest did not violate the FDCPA. In ***Stratton*** the plaintiff alleged waiver of interest. Fulk makes no allegations of waiver in his complaint. The possibility of a defense or argument does not equate to LVNV not having the right to interest on the debt. ***See*** **Yeiser v Webb**, 187 S.W.2d 831 (Ky. App. 1945); **Slack v. Bryan**, 184 S.W.2d 873, 876 (Ky. App. 1945) where an affirmative defense effect the remedy and not the right. Finally, in the case of *Grace v. PSI Louisville Inc*., 3:13-cv-1021 (May 23, 2014), the claim is based on whether a service charge was interest and usurious. However, the court noted in denying PSI's motion to dismiss that PSI "While PEM is certainly entitled to collect interest on a delinquent account assuming it is liquidated fn 19. . ." and cited the general rule that interest is allowed as a matter of right on a liquidated claim. Fulk's complaint fails to state a claim and should be dismissed.

**AN AGREEMENT OR ACCOUNT IS LIQUIDATED AND STATUTORY PREJUDGMENT INTEREST IS ALLOWED UNDER THE LAW AND FULK CAN NOT STATE A CLAIM BASED UPON THE ACCRUAL OF INTEREST**

Interest on a liquidate claim springs from the nature of the thing itself. As noted by Justice Johnson in **Himely v. Rose**, 9 U.S. 313, 319 (1809) "[I]nterest goes with principal, as the fruit with the tree." In **Young v. Godbe**, 82, U.S. 562, 565-566 (1873), a creditor is entitled to interest as matter of right even if state law does not prescribe a rate for legal interest. In **Hicks v. Guinness**, 269 U.S. 71, 81 (1925) Justice Holmes stated "The obligation of a contract is subject to implied exceptions, but when liability is incurred by wrong or default, it is

absolute. Interest is due as one of its incidentals, and inability to pay it no more excuses from that than it does from the principal amount." Kentucky law is in accord with these principals.

The Kentucky Supreme Court in **Nucor Corp. v. General Electric Co.**, 812 S.W.2d 136,141 (1991) "When the damages are "Liquidated," prejudgment interest follows as a matter of course. Precisely when the amount involved qualifies as "Liquidated" is not always clear, but in general 'liquidated' means '[m]ade certain or fixed by agreement of parties or by operation of law.'[citation omitted] Common examples are a bill or note past due, an amount due on an open account, or an unpaid fixed contract price." (Emphasis Added). ***Nucor*** ultimately decided that interest on unliquidated damages is discretionary not that interest on liquidated damages is discretionary. ***Nucor*** noted that under the restatement of contract that interest is allowed on a liquidated sum as a matter of course. As stated in LVNV initial motion **Henderson Cotton Manufacturing Co. v. Lowell Machine Shops**, 7 S.W. 142, 145 (Ky. App. 1888) explains the history and reasoning of why interest is allowed on a liquidated claim where it states:

> The true ground upon which to put the allowance of interest is the fault of the party who is to pay the debt. If he has made default of payment, then, *ex aequo et bono*, he should reimburse the creditor for keeping him out of the use of his money. He should render an equivalent for the use of what is not his own. If there be a specified time for payment, and a failure to then pay, or a demand of payment of a liquidated claim, and default, then the debt should, as a matter of law, bear interest from the time of such failure. This is the current of authority, and it is supported by both right and reason. In the case of *Young v. Godbe*, 15 Wall. 562, the supreme court said: "If a debt ought to be paid at a particular time, and is not, owing to the default of the debtor, the creditor is entitled to interest from that time, by way of compensation for the delay in payment. And, if the account be stated, as the evidence went to show was the case here, interest begins to run at once." 1 Sutherland on Damages (page 596) repeats the same rule when he says: "In this country, the principle has long been settled that if a debt ought to be paid at a particular time, and is not then paid,

> through the default of the debtor, compensation in damages, equal to the value of the money which is the legal interest upon it, shall be paid during such time as the party is in default.

Fulk's citations and other arguments do not change LVNV's right to interest. ***Nucor*** and ***Lowell***, other Kentucky cases show one is entitled to interest as a matter of law on a liquidated claim. **Pursley v Pursley**, 144 S.W.3d 820, 828-829, fn.40 (Ky. 2004) *See* ***Mcelhinney v. Hosea***, Ky. App. No. 2011-CA-001217 , 2011-CA-1256, June 28, 2013 ( prejudgment interest on a liquidated claim is not a matter of discretion and follows as a matter of law and begins from the date the balance is due citing *Nucor* and *Pursley*.) *See* ***Panariello v. Panariello***, Ky. App. No. 2012-CA-1383, January 31, 2014 (interest accrues as a matter of law on a liquidated claim and even if not raised to the court. J. Maze concurring opinion.) If interest accrues as matter of right even if not raised to the court Fulk's arguments about "self help remedy" are without merit. In **Dalton v. Mullins**, 293 S.W.2d 470, 477, (Ky. 1956) *quoting* ***Laycock v. Parker***, 79 N.W. 327, 335 noted the criterion for the allowance of interest stating in part "Mere difference of opinion as to amount is, however, no more reason to excuse him from interest than difference of opinion , whether he legally ought to pay at all, which has never been held an excuse." Also, legal or statutory interest on a liquidated claim is a matter of course absent an agreement to the contrary. **University of Louisville v. RAM Engineering & Construction Inc.**, 199 S.W.3d 746, 748 (Ky. App. 2005). Therefore, Fulk's arguments regarding dispute and demand are also without merit. Fulk citing to **Wittmer v. Jones** 864 S.W. 2d 885 (Ky. 1993) is unavailing as that dealt with damages in tort. **Owensboro Mercy Health System v. Payne**, 24 S.W.3d 675 (Ky. App. 1999) was a medical negligence case and the prejudgment interest issue was interest on past medicals and lost wages. It did not involve interest on a liquidated account.

In the present case, Fulk has not plead any dispute in his complaint. Fulk's arguments regarding interest as a self help remedy are misguided. Fulk's complaint relates to LVNV not having the right to interest. Fulk's complaint assumes breach or accrual of the cause of action from charge off. For there to be accrual of the cause of action, the original creditor had a right to payment of the amount owed. LVNV in supplemental responses to discovery has provided the 6-28-09 statement that reflects the balance on the account. Copy attached and incorporated by reference. Under the case law cited above, LVNV as assignee standing in the shoes of the original creditor has the right to accrue interest from that time. Fulk's borrowing statute arguments, usury arguments or discussion about demand are not in Fulk's complaint and cannot save his claim. Interest is a figure or number in a snapshot of time and the legal interest that is due is the legal interest under Kentucky law. The inclusion of the February 2013 dunning letter as an exhibit to his response only provides evidence that Fulk was aware of the accrual of interest more than one year prior to the filing of this cause of action and would be barred by the FDCPA one year statute of limitations under 1692k.

The right to statutory prejudgment interest exists by the nature of the debt itself when it is liquidated and unpaid. The right to statutory prejudgment interest on a liquidated claim is not discretionary with the trial court and interest accrues from when the liquidated claim is due. ***Nucor***, ***Lowell***, and ***Pursley*** *supra*. The right to accrue interest on a liquidated claim has existed under Kentucky law since before 1888. Fulk's claims under the FDCPA are simply related to the fact that interest was accrued. The right to interest springs from the debt under Kentucky law and the possibility of a defense or argument against prejudgment interest does not change the right. The original creditor sold a liquidated debt to LVNV. LVNV had the right to legal interest on the amount of the debt even if not raised to the court. ***Panariello*** *supra.*

Fulk's suit is not based on any inaccuracy on the amount on the credit report other than the fact of accrual of interest. Regardless, the figure complained of would be accurate from the statement showing the balance. Fulk's complaint paragraph 38 states the figure as being as of February 2014. The statement is dated 6-28-2009 with the account balance of $3,487.67. Interest at the Kentucky legal rate of 8% on a simple straight line basis would be $3,487.67 * 8% would equal $279.0136 in interest a year. $279.0136 divided by 365 days in a year would equal interest of $0.7644208 per day. 6-28-09 through and including 2-1-14 is 4 years and 218 days. $279.0136 * 4 = $1,116.0544. $0.7644208 * 218 days = $166.6437. $1,116.0544 + $166.6437 = $1,282.6971 which rounds to $1283.00. Based on the foregoing, Fulk cannot state a claim based on the accrual of interest and the complaint should be dismissed.

Prepared By:
_/s/ Charlie Gordon________________________
Charlie Gordon
Counsel for Defendant, LVNV Funding LLC.
*Greene & Cooper LLP*
2210 Greene Way - P.O. Box 20067
Louisville, Kentucky 40250-0067
(502) 495-6500
(502) 495-2429 fax
cgordon@greenecooper.com E-mail

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically and mailed to the following on this 11th day of June, 2014.

James H. Lawson
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville KY 40207

/s/Charlie Gordon
Charlie Gordon
Counsel for Defendant, LVNV Funding LLC.