UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KYLE FULK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-125-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LVNV FUNDING LLC, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant LVNV Funding LLC's ("LVNV") motion to dismiss. [Record No. 6] The defendant seeks to dismiss Plaintiff Kyle Fulk's Complaint, arguing that it fails to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons outlined below, the defendant's motion will be granted in part and denied in part.

**I.**

On July 22, 2013, LVNV filed a Complaint in the Fayette District Court in an attempt to collect an alleged debt ("Yamaha Account") owed by Fulk. [Record No. 8-1, p. 2] The debt arose when, on November 18, 2008, Fulk stopped making payments on a credit card issued by HSBC Bank Nevada, N.A./Yamaha-RBP ("HSBC").[1] [Record No. 1, p. 4 ¶ 28;

---

1  At the time relevant to this action, Fulk was a resident of Ohio. He remained an Ohio resident until February of 2010, when he moved to Kentucky. [Record No. 11, pp. 5, 25]

-1-

Record No. 8, p. 2] Upon his failure to pay the amount due, on June 30, 2009, HSBC "charged-off"[2] the $3,487.67 debt.[3] [Record No. 1, p. 4 ¶ 28; Record No. 8, p. 2]

On July 14, 2009, HSBC sold the Yamaha Account to the defendant, a company that purchases charged-off debts, for around $173.00. [Record No. 1, p. 5 ¶37; Record No. 11, p. 13] At the time the debt was sold, the total amount due remained $3,487.67, indicating that HSBC did not charge any interest on the account from the June 30, 2009 charge-off date, until LVNV bought the debt. On July 22, 2013, LVNV filed a Complaint in the Fayette District Court, seeking to recover the full debt ($3,487.67), plus statutory prejudgment interest under KRS § 360.010. [Record No. 8-1, p. 2] The state court Complaint alleges, in its entirety:

> 1. The Defendant(s) is indebted to the Plaintiff under an agreement or account.
>
> 2. Lvnv Funding LLC purchased this account. The original credit grantor is HSBC Bank Nevada, N.A./Yamaha-RBP.
>
> 3. Defendant(s) has failed to pay the Plaintiff the remaining balance of its account in the sum of $3,487.67, plus accrued interest in the amount of $.00, together with interest at the annual rate of 8% from June 30, 2009, until the date of Judgment, then at 12% per annum on the Judgment until satisfied.
>
> WHEREFORE, Plaintiff respectfully demands Judgment against the Defendant(s) for the sums, plus interest as set forth above, court costs and any other relief to which it may appear entitled.

---

[2] "Creditors charge-off debt in accordance with federal regulations that permit the creditor to remove the debt from their financial records." *McDonald v. Asset Acceptance LLC*, No. 2:11-cv-13080, 2013 WL 4028947, at *1 (E.D. Mich. Aug. 7, 2013).

[3] Fulk's Complaint listed the charged-off debt as $3,488.00. [Record No. 1, p. 4 ¶35] However, the plaintiff later acknowledged that the true amount charged-off was $3,487.67. [Record No. 11, p. 5]

[*Id.*]  On March 3, 2014, Fulk received a consumer credit report issued by Creditexpert, Inc., in conjunction with an application for a home loan or loan modification.  [Record No. 1, p. 3 ¶12]  The report stated that $4,771.00 was the amount due and owing on the Yamaha Account as of February 2014: an increase of $1,283.33.  [*Id.*, p. 5 ¶38]

On March 28, 2014, Fulk filed the current action against LVNV.  [Record No. 1]  He alleges that LVNV's state court action is barred by the applicable statute of limitations.  [*Id.*, p. 4 ¶ 31]  Further, he contends that LVNV violated the Fair Debt Collection Practices Act ("FDCPA") by seeking statutory prejudgment interest in the state court action and by including prejudgment interest in the March 3, 2014 credit report.  [*Id.*, p. 4 ¶ 32, 33]  Specifically, Fulk maintains that LVNV violated the FDCPA by: (i) falsely representing the character, amount, or legal status of Fulk's debt, in violation of 15 U.S.C. § 1692e(2)(A); (ii) threatening to take an "action that cannot legally be taken," in violation of 15 U.S.C. § 1692e(5); (iii) communicating or threatening to communicate personal credit information which is known or which should be known to be false, in violation of 15 U.S.C. § 1692e(8); (iv) using false representation or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10); (v) attempting to collect interest on a debt that is neither authorized by agreement nor permitted by law, in violation of 15 U.S.C. 1692f(1); and (vi) filing suit to collect a debt barred by the applicable statute of limitations, in violation of 15 U.S.C. §§ 1692e and 1692f.  [Record No. 1, pp. 6–7]

LVNV argues that Fulk's claims should be dismissed because the four-year statute of limitations set out in KRS § 355.2-724 does not apply to an account or agreement for the extension of credit.  [Record No. 8, pp. 4–12]  Additionally, it contends that Fulk's

allegations regarding interest do not rise to a violation of the FDCPA and that state court actions under an agreement or account are liquidated and allow for prejudgment interest. [*Id.*, pp. 12–14; Record No. 14, pp. 2–7] Fulk responds that his Complaint states actionable violations of the FDCPA and that the motion to dismiss should be denied. [Record No. 11]

**II.**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. 2009).

## III.

### A. Statute of Limitations

Fulk alleges that LVNV's civil action is barred by the applicable statute of limitations. [Record No. 1, p. 7] The initial purchase leading to the Yamaha Account occurred in Ohio on October 1, 2006. [Record No 11, p. 25] At that time and until February of 2010, Fulk was a resident of Ohio before moving to Kentucky. Thus, on July 14, 2009, while Fulk was still living in Ohio, HSBC sold the debt to LVNV. LVNV filed suit for collection of the debt on July 22, 2013. [Record No. 8-1, p. 2] Fulk argues that the purchase of the ATV qualifies as a purchase-money security interest under Article 9 of Ohio's U.C.C., ORC § 1303.103, and that the applicable statute of limitations is four years under U.C.C § 2-725.[4] [Record No. 11, p. 26] In the alternative, he alleges that the four-year statute of

---

4   It is not contested that the cause of action in this case arose more than four years before LVNV filed its Complaint in state court.

limitation applies under KRS §355.2-725 for breach of contract on a sale. LVNV claims that the debt qualifies as an account and that regardless of the state law applied (either Ohio or Kentucky), the applicable statute of limitations is more than four years, allowing for the state court claim to be brought.

The debt at issue results from Fulk's failure to pay a debt owed on a credit card, financed by HSBC, for the purchase of an ATV. However, Fulk's attempt to categorize the transaction as a sale of goods fails. *May Co. v. Trusnik*, 375 N.E.2d 72, 75 (Ohio Ct. App. 1977) ("[W]hen the purchase money is advanced by a third party . . . an action to recover a balance due is removed from Article 2 of the U.C.C."). The creation of a credit card leading to an underline debt is distinct and independent from the sale of goods. *See Fisher Sand and Gravel Co. v. Neal A. Sweebe, Inc.*, 837 N.W.2d 244 (Mich. 2013) (describing the difference between an account resulting from debt on a credit card and a sale of goods); *see also Conway v. Portfolio Recovery Assoc., LLC*, Civil No. 13-07-GFVT, 2014 WL 1331370, at *3–4 (E.D. Ky. Mar. 31, 2014) (discussing that the applicable statutes of limitations for unwritten or written contracts apply to credit card debt).

Here, the agreement which Fulk signed twice stated that, "[b]y completing and signing this application, you request a Card issued to you by us which will allow you to make purchases under this account." [Record No. 8-2, p. 2] Further, the sales slip which Fulk also signed stated that the account holder "promise[d] to pay the Unpaid Balance plus any Finance Charges and fees due in accordance with the terms of the Cardholder Agreement." [Record No. 8-3, p. 3] It is clear that the agreement between Fulk and HSBC was for the extension of credit, resulting in an account and not a contract for the sale of goods.

Under Ohio law, "[c]redit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement." *Bank One, Columbus, N.A. v. Palmer*, 579 N.E.2d 284, 285 (Ohio Ct. App. 1989). The agreement can constitute either a written or oral contract. *See Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 839 (N.D. Ohio 2010). If a credit card agreement is signed by the applicant, it may qualify as a contract in writing for statute of limitations purposes. *Id.* Ohio has a fifteen-year statute of limitations for breach of a written contract. O.R.C. § 2305.06. Where there is no evidence of the cardholder's signature on the card application, courts have applied Ohio's six-year statute of limitation for oral contracts. *Dudek*, 702 F. Supp. 2d, at 839; O.R.C. § 2305.07. Fulk signed the agreement with HSBC for the credit card [Record No. 8-2, p. 2], allowing a written contract to be found in this case. However, whether the contract is characterized as oral or written, LVNV's claim is not barred under Ohio law. The claim was brought less than five years after the statute of limitations began to run, satisfying both the six and fifteen-year periods.[5]

There is a lack of controlling precedent on this issue in Kentucky. However, credit card debts are usually treated as contracts not in writing because they lack the essential terms necessary to create a written contract. *See Conway*, 2014 WL 1331370, at *3. Here, similar to the analysis of Ohio law, the claim will not be barred regardless of how the agreement is defined. The statute of limitations for unwritten contracts in Kentucky is five years and fifteen years for written contracts. KRS §§ 413.120, and 413.090. LVNV brought its suit

---

5    Whether the date of last payment on the debt (November 18, 2008) or the date the debt was charged-off (July 30, 2009) is used to begin the statute of limitations, the July 22, 2013, state court action was brought within five years.

against Fulk less than five years after the statute of limitations began to run, satisfying both statutory provisions. In summary, regardless of whether Ohio or Kentucky law is applied in determining the applicable statute of limitations, LVNV's state court claim is not time-barred.

B. **Statutory Prejudgment Interest**

LVNV argues that it could not have violated the FDCPA by including prejudgment interest in the March 3, 2014 credit report, because "Kentucky cases show one is entitled to interest as a matter of law on a liquidated claim."[6] [Record No. 14, pp. 2–3] Absent an agreement to the contrary, "[t]he legal rate of interest is eight percent (8%) per annum," which runs as a matter of right on a liquidated demand. KRS § 360.010. Further, interest begins to accrue from the date of breach. *Lang v. Bach*, 134 S.W. 188, 191 (Ky. 1911) ("[T]he law is now well settled that a liquidated claim, whether oral or written, carries with it, as a matter of law, interest from the time it was due, in the absence of any agreement to the contrary.").

Fulk claims that, even if liquidated claims are entitled to prejudgment interest as a matter of course, there is no right to extra-judicially accrue prejudgment interest prior to entry of a state court judgment. [Record No. 11, pp. 8–16] LVNV asserts that it does have the right, but relies solely on case law addressing prejudgment interest awarded by trial courts as part of a judgment. Under Kentucky law, prejudgment interest follows as a matter of course in claims for liquidated debt, and it "may be allowed as justice requires" in

---

6 Although the plaintiff sporadically objects to categorizing the debt as liquidated in his reply brief [Record No. 11 pp. 9, 11, 13], the Court assumes arguendo that the debt is liquidated.

instances of unliquidated debt. *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 144 (Ky. 1991). However, an award for either type of claim presupposes that "the trier of fact, judge or jury, has decided both the question of breach of contract and the amount due for the breach before reaching the question of interest as damages." *Id.* Thus, a creditor may not collect prejudgment interest from a debtor until a judgment has been awarded.

Further, equity requires a state court judgment prior to an award of prejudgment interest. Allowing extra-judicial accrual of interest would not allow for disputes regarding the amount of debt or when the right to prejudgment interest begins to run to be brought before a trier of fact. *Id.* Instead, it would provide creditors with the ability to unilaterally impose statutory prejudgment interest rates on debt claims without judicial oversight. Such as result is not supported by Kentucky law. Accordingly, the Court concludes that, although statutory prejudgment interest is available as a matter of course for liquidated claims under Kentucky law, it was not proper for LVNV to include it prior to receiving a judgment.

### C. The FDCPA

Fulk argues that LVNV violated six sections of the FDCPA by adding interest and fees to debts it had no legal right to collect, reporting false credit information, and bringing the state action: specifically, violations of 15 U.S.C. § 1692e(2)(A); § 1692e(5); § 1692e(8); § 1692e(10); § 1692f(1); and §§ 1692e, f. [Record No. 1, pp. 6–7] The FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt" and the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligations) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692e, f(1). Where a

plaintiff brings claims under the FDCPA, the claims are tested under the "least sophisticated consumer" standard; that is, "whether the least sophisticated consumer would be misled by the defendant's actions." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326–27 (6th Cir. 2012) (internal quotation marks omitted). The purpose of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices. 15 U.S.C. § 1692 *et seq*. The abusive debt collection practices which the FDCPA seeks to remedy includes "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009).

Five of Fulk's claims arise out of a credit report provided by LVNV on March 3, 2014. The Sixth Circuit has assumed, without concluding, that reporting a debt to a credit agency constitutes a "collection activity" under the FDCPA. *Purnell v. Arrow Fin'l Servs., LLC*, 303 F. App'x 297, 304 n.5 (6th Cir. 2008); *see also Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856, *4 (E.D. Pa. Apr. 19, 2002) ("Because reporting a debt to a credit report agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.").

### 1. 15 U.S.C. § 1692e(2)(A)

Fulk contends that LVNV violated § 1692e(2)(A) by "falsely representing to one or more consumer reporting agencies that [his] debt was subject to prejudgment interest prior to

entry of a judgment awarding LVNV prejudgment interest."[7] [Record No. 20]; 15 U.S.C. § 1692e(2)(A) ("A debt collector may not . . . [make a] false representation of–the character, amount, or legal status of any debt."). LVNV claims that Fulk cannot state a claim based on the accrual of statutory prejudgment interest because it is allowed under Kentucky law as a matter of right on liquidated claims.[8]

In support of its motion to dismiss, LVNV cites this Court's decision in *Stratton v. Portfolio Recovery Assoc.*, No. 5:13-147-DCR, 2013 WL 6191804 (E.D. Ky. Nov. 26, 2013), for the proposition that a "state court complaint requesting legal interest [does] not violate the FDCPA." [Record No. 14, p. 3] However, in *Stratton*, the Court's decision was based at least in part on the idea that a state court action "for prejudgment interest constitutes a request and not an unsupervised demand." *Id.* at *5. Further, Fulk's allegation under § 1692e(2)(A) does not stem from a state court action but from an unsupervised demand for prejudgment interest in the March 3 credit report.

As stated earlier, while LVNV is entitled to collect prejudgment interest on a liquidated delinquent account, it had no legal right to do so prior to a trial court judgment awarding the interest. As the court noted in *Grace v. LVNV Funding, LLC*, No. 3:13-cv-1021-H, 2014 WL 2167487, at *5 (W.D. Ky. May 23, 2014), "[the] act of reporting an

---

7     The plaintiff also asserts that the defendant has imposed an unlawful amount of prejudgment interest (nearly 14%) as opposed to the 8% available under KRS § 360.010. However, as noted by the defendant in their response, straight line interest of 8% on the $3,487.67 account balance over 4 years and 218 days rounds to $1,283.00. [Record No. 14, p. 7] This is the amount included by the defendant in the credit report.

8     LVNV does not contest each claim individually but makes broad arguments concerning all of the claims brought under §§ 1692e and 1692f.

amount owing that include[s] an unlawful amount of disguised interest apparently violates [§ 1692e(2)(A)] of the FDCPA." Therefore, Fulk has stated a valid claim under Rule 12(b)(6) for a violation of § 1692e(2)(A).

### 2. 15 U.S.C. § 1692e(5)

Section 1692e(5) prohibits a debt collector from "[making a] threat to take any action that cannot legally be taken." LVNV contends that it had a right to prejudgment interest as a matter of course under Kentucky law and, as a result, did not threaten any illegal action. Fulk alleges that LVNV threatened to collect prejudgment interest by providing negative credit information about Fulk to consumer reporting agencies and accruing prejudgment interest assessed under Kentucky law while he was a resident of Ohio. [Record No. 11, p. 25]

Fulk fails to provide any binding or persuasive authority supporting his assertion that inaccurately reporting a debt to a credit report agency qualifies as a threat under the FDCPA. LVNV included prejudgment interest that could not be accrued prior to a state court judgment in the credit report. However, it commenced its state court action on the debt nearly eight months before providing the credit report. Even viewing LVNV's actions through the lens of the least sophisticated consumer, Fulk could not have believed that the credit report was a threat to take unlawful action when LVNV had already brought the action in state court. Thus, Fulk fails to state a claim under § 1692e(5).

### 3. 15 U.S.C. § 1692e(8)

Section 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false." Fulk

contends that LVNV violated § 1692e(8) by communicating false information regarding the Yamaha Account to reporting agencies and by accruing interest under Kentucky law while Fulk resided in Ohio. LVNV again asserts that no violation occurred because it had a right to prejudgment interest as a matter of course.

As stated earlier, LVNV has not provided any authority supporting its argument that it could accrue prejudgment interest prior to entry of a state court judgment. Further, LVNV's own Complaint in the state court action recognized that interest could not accrue prior to a state court ruling. LVNV asserted that no interest had accrued on the debt at the time of the filing and instead sought prejudgment interest of 8% prior to the date of judgment and 12% following the judgment until the debt was satisfied. [Record No. 8-1, p. 2] The state court Complaint implicitly acknowledged that LVNV was aware that it had no right to prejudgment interest prior to entry of a state court judgment, but LVNV still reported $4,771.00 to Creditexpert, Inc., as the amount due on the Yamaha Account. Further, the credit report failed to distinguish prejudgment interest it had extra-judicially accumulated from the underlying debt. As a result, Fulk has stated a claim under § 1692e(8) for communicating credit information known to be false. *See Grace*, 2014 WL 2167487, at *5 ("[The] act of reporting an amount owing that include[s] an unlawful amount of disguised interest apparently violates [§ 1692e(8)] of the FDCPA . . . .").

### 4. 15 U.S.C. § 1692e(10)

Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." Fulk contents that LVNV violated this statutory section by falsely representing that his debt was subject to prejudgment interest to one or

more reporting agencies. [Record No. 11, p. 22] And again, LVNV contends that it had the right to collect prejudgment interest as a matter of course under Kentucky law.

Most cases brought under § 1692e(10) involve the phrasing of dunning letters and are not helpful in this context. *See, e.g.*, *Boyd v. Wexler*, 275 F.3d 642, 644 (7th Cir. 2001). However, as previously noted, the Sixth Circuit has assumed that reporting a debt to a credit agency constitutes a "collection activity" under the FDCPA. *Purnell*, 303 F. App'x at 304 n.5; *see also Williams v. LVNV Funding, LLC*, No. 14-cv-01356-MEH, 2014 WL 4066612, at *3–6 (D.Co. Aug. 14, 2014). In his Complaint, Fulk contests the amount of debt included in the credit report because of the addition of interest or fees to the debt that LVNV had no legal right to collect. [Record No. 1, p. 7] Further, as stated previously, LVNV's state court action implicitly acknowledged that it did not have the right to prejudgment interest until a judgment had been ordered. By including prejudgment interest in the credit report, LVNV used a false representation in an attempt to collect the debt owed. Thus, Fulk has stated a claim under § 1692e(10).

### 5. 15 U.S.C. § 1692f(1)

LVNV also argues that Fulk has failed to state a claim under § 1692f(1). Section 1692f(1) states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1). "In other words, if the agreement does not expressly authorize or state law does not permit the amounts sought, [Plaintiff] has stated a viable claim under § 1692f(1)." *Chulsky v. Hudson Law Offices*, 777 F. Supp. 2d 823, 832 (D.N.J. Mar. 22, 2011) (internal quotation marks omitted).

Here, Fulk alleges that by including prejudgment interest in the credit report, LVNV attempted to collect prejudgment interest that was not authorized by state law and that was greater than the amount owed at the time. [Record No. 11, p. 23] In its state court action, LVNV does not request any interest under the agreement and only requests prejudgment interest. [Record No. 8-1] As stated above, LVNV did not have a right to collect prejudgment interest prior to entry of a judgment, and the Sixth Circuit has assumed that reporting a debt qualifies as a "collection activity." *Purnell*, 303 F. App'x at 304 n.5. By including prejudgment interest in the credit report, LVNV attempted to collect an amount of debt which was not authorized by state law. *See Currier v. First Resolution Inv. Corp.*, 956 F. Supp. 2d 747, 752 (E.D. Ky. 2013) (stating that efforts to collect an amount that is not authorized by law states a claim under § 1692f(1)); *see also Grace*, 2014 WL 2167487, at *5 ("[The] act of reporting an amount owing that include[s] an unlawful amount of disguised interest apparently violates [§ 1692f(1)] of the FDCPA . . . ."). Therefore, Fulk has stated a viable claim under § 1692f(1).

### 6. 15 U.S.C. §§ 1692e, 1692f

Fulk's final claim alleges that LVNV violated §§ 1692e and 1692f by filing suit on a time-barred debt in the Fayette District Court. The Sixth Circuit has not specifically addressed whether such action violates the FDCPA, but many jurisdictions have found that

brining such a claim can constitute a violation of § 1692e. *See Hall v. LVNV Funding, LLC*, No. 3:13-CV-00399-H, 2013 WL 5550838, at *2 (W.D. Ky. Oct. 8, 2013) ("Generally, a violation is found when the debt collector knew or should have known the lawsuit was time-barred."); *Jackson v. Midland Funding, LLC*, 754 F. Supp. 2d 711, 715 (D.N.J. 2010). However, as stated above, the statute of limitations had not run on LVNV's state court action under either Ohio or Kentucky law. As a result, Fulk has failed to state a claim under §§ 1692e or 1692f for bringing suit on a time-barred debt.

## IV.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The defendant's motion to dismiss [Record No. 6] is **GRANTED** in part and **DENIED** in part as set forth above.

2. As outlined above, the plaintiff's claims alleging violations of 15 U.S.C. § 1692e(5), and 15 U.S.C. §§ 1692e and 1692f for seeking to collect a time-barred debt, are **DISMISSED**, with prejudice.

This 21st day of October, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge